**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAHEDUL ISLAM, | : |
| Plaintiff, | : Civil Action No. 16-2424 (ES) (MAH) |
| v. | : MEMORANDUM |
| LEON RODRIGUEZ, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Pending before the Court is Defendants James McCament,[1] John Kelly, Ron Rosenberg, and Laura B. Zuchowski's motion to dismiss Plaintiff Shahedul Islam's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). (D.E. No. 15). The parties briefed Defendants' motion (*see* D.E. No. 15-1 ("Def. Mov. Br."), 16 ("Pl. Opp. Br.") & 18 ("Def. Reply Br.")), and the Court decided the matter without oral argument under Federal Rule of Civil Procedure 78(b). For the following reasons, Defendants' motion is GRANTED.

## I. DISCUSSION

### A. Background

The parties are familiar with the facts and procedural posture of this case, so the Court will be brief.[2] Plaintiff is a native citizen of Bangladesh, currently residing in Clifton, New Jersey.

---

[1] Defendants represent that James McCament and John Kelly have been substituted for their predecessors pursuant to Federal Rule of Civil Procedure 25(d). (*See* Def. Mov. Br. at 1 n.1).

[2] As noted below, Defendants assert a facial attack on subject matter jurisdiction. The Court therefore must accept Plaintiff's well-pleaded allegations as true for purposes of resolving this motion. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

(D.E. No. 1, Compl. ¶ 15). In September 2000, Plaintiff completed and filed a DS-15 form to be admitted to the United States on a B-2 nonimmigrant visa. (*Id.* ¶ 18). Plaintiff's B-2 visa was granted, and Plaintiff entered the United States in December 2000. (*Id.* ¶ 25).

In February 2003, Plaintiff married Maria Espinal, a naturalized United States citizen. (*Id.* ¶ 24). About two months later, Ms. Espinal filed an I-130 Petition for Alien Relative on Plaintiff's behalf, which was approved in March 2004. (*Id.* ¶ 27). Plaintiff then filed an I-485 Application to Register Permanent Resident or Adjust Status. (*Id.* ¶ 28).

Plaintiff and Ms. Espinal divorced in December 2004, prompting Ms. Espinal to withdraw her I-130 Petition filed on behalf of Plaintiff. (*Id.* ¶¶ 29-30). As a result of that withdrawal, U.S. Citizenship and Immigration Services ("USCIS") denied Plaintiff's I-485 Application. (*Id.* ¶ 30).

Plaintiff alleges that Ms. Espinal was physically and verbally abusive toward him during their marriage. (*Id.* ¶ 31). To that end, Plaintiff filed in March 2005 an I-360 Petition seeking immigrant classification as the former spouse of an abusive United States citizen. (*Id.* ¶ 32). USCIS approved Plaintiff's I-360 Petition in December 2006 (*id.* ¶ 33), and Plaintiff filed another I-485 Application in April 2007 (*id.* ¶ 34).

About two years later, the Director of the Vermont Service Center of the USCIS issued a Notice of Intent to Revoke the approval of Plaintiff's I-360 Petition because Plaintiff had previously submitted erroneous information on the number of times he had been married. (*Id.* ¶¶ 35-36). Specifically, Plaintiff had indicated on his DS-15 form that he had been married to a woman named Nazma Begum in Bangladesh, but Plaintiff's Form G-325A (submitted in support of his visa when he was married to Ms. Espinal) indicated that he was getting married for the first time. (*Id.* ¶ 37). Plaintiff contends that his DS-15 form was submitted in error and that he was

never married to Ms. Begum (or anyone else) before marrying Ms. Espinal. (*Id.* ¶ 38). Plaintiff now challenges the revocation of this I-360 Petition.

**B. Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss if it lacks subject matter jurisdiction. *See In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012). A party bringing a motion under Rule 12(b)(1) may assert either a "facial or factual challenge to the court's subject matter jurisdiction." *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In a facial attack, the moving party "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to "consider the allegations of the complaint as true." *See Davis*, 824 F.3d at 346. In a factual attack, however, the moving party "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts, and [the court may] weigh and consider evidence outside the pleadings." *See id.* (cleaned up).

Here, Defendants assert a facial attack on subject matter jurisdiction.

**C. Analysis**

Defendants argue that the Court lacks subject matter jurisdiction because Congress precluded judicial review of discretionary decisions of the Secretary of Homeland Security under 8 U.S.C. § 1252(a)(2)(B)(ii), and the revocation of Plaintiff's I-360 Petition is a discretionary decision under 8 U.S.C. § 1155. (Def. Mov. Br. at 7). Defendants are correct.

Section 1252(a)(2)(B)(ii) provides, in relevant part, that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is . . . in the discretion of the Attorney General or the Secretary of

Homeland Security . . . ." Relatedly, § 1155 provides that "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under [8 U.S.C. § 1154]." Section 1154 provides procedures for granting immigrant status, including for self-petitioners like Plaintiff seeking immigrant classification as the spouse of an abusive United States citizen. *See* 8 U.S.C. § 1154(a)(1)(A)(iii).

The Third Circuit addressed this precise issue in *Jillin Pharm. USA, Inc. v. Chertoff*, 447 F.3d 196, 205-06 (3d Cir. 2006). There, the Third Circuit held that "the decision to revoke an approved visa petition pursuant to 8 U.S.C. § 1155 is left to the discretion of the Secretary of Homeland Security" and is thus "shielded from court review pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii)." *Id.* Several other courts in this Circuit have applied *Jillin* to bar suits like Plaintiff's. *See, e.g.*, *Vargas v. Lynch*, 214 F. Supp. 3d 388, 394-95 (E.D. Pa. 2016) (applying *Jillin* and holding that the court lacked subject matter jurisdiction to review the Secretary of Homeland Security's revocation of a visa petition under § 1155); *Ramalingam v. Johnson*, No. 13-7416, 2016 WL 1262169, at *4 (D.N.J. Mar. 30, 2016) (same); *Wang v. Johnson*, No. 15-0358, 2015 WL 4932214, at *3 (E.D. Pa. Aug. 18, 2015) (same); *Trans Am. Trucking Servs., Inc. v. Holder*, No. 09-6116, 2010 WL 1371663, at *2 (D.N.J. Apr. 5, 2010) (same); *Ibraimi v. Chertoff*, No. 07-3644, 2008 WL 3821678, at *4 (D.N.J. Aug. 12, 2008) (same).

Indeed, the Third Circuit's holding in *Jillin* is consistent with the holdings of nearly all other circuits that have addressed the issue. *See, e.g.*, *Bernardo ex rel. M & K Eng'g, Inc. v. Johnson*, 814 F.3d 481, 482 (1st Cir.), *cert. denied*, 136 S. Ct. 2487 (2016); *Mehanna v. U.S. Citizenship & Immigration Servs.*, 677 F.3d 312, 314-15 (6th Cir. 2012); *Green v. Napolitano*, 627 F.3d 1341, 1344-46 (10th Cir. 2010); *Abdelwahab v. Frazier*, 578 F.3d 817, 821 (8th Cir. 2009); *Sands v. U.S. Dep't of Homeland Sec.*, 308 F. App'x 418, 419-20 (11th Cir. 2009); *Ghanem*

*v. Upchurch*, 481 F.3d 222, 223-24 (5th Cir. 2007); *El-Khader v. Monica*, 366 F.3d 562, 566 (7th Cir. 2004). Although the Ninth Circuit held that courts have jurisdiction under § 1252(a)(2)(B)(ii) to review § 1155 revocations, the Third Circuit explicitly addressed and rejected that view. *Jillin*, 447 F.3d at 201-05.

Plaintiff does not address the Third Circuit's decision in *Jillin* or Defendants' arguments related thereto. (*See generally* Pl. Opp. Br.; Def. Reply Br. at 1). Instead, Plaintiff argues that the Court may review the revocation under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq*. (the "APA"). (*See* Pl. Opp. Br. at 8-10).[3] But this argument has been rejected in analogous contexts. *See, e.g.*, *Ramalingam*, 2016 WL 1262169, at *3 (dismissing APA claim for lack of subject matter jurisdiction because "the relevant statutes preclude judicial review").

Plaintiff also argues that the Secretary of Homeland Security lacked "good and sufficient cause" under § 1155 and thus revoked Plaintiff's I-360 Petition without a proper basis. (*See* Pl. Opp. Br. at 12). This argument, too, has been rejected. *See Jillin*, 447 F.3d at 204 ("We disagree. The phrase '*for what [the Secretary] deems to be* good and sufficient cause,' cannot be modified by judicial fiat to read the naked words, 'for good and sufficient cause.'") (emphasis in original); *see also id.* (observing that the phrase, "for what [the Secretary] deems to be good and sufficient cause," is "arguably so subjective as to provide no meaningful legal standard") (citations omitted).

Accordingly, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint.

---

[3] Plaintiff's opposition brief does not contain page numbers, so the Court will use the ECF-generated page numbers to refer to pages therein.

## II. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**